**Darren Charles BLUEMEL,
Petitioner–Appellant,**

v.

**Alfred BIGELOW, Respondent–
Appellee.**

No. 15–4046.

United States Court of Appeals,
Tenth Circuit.

May 27, 2015.

Darren Charles Bluemel, Draper, UT,
pro se.

Erin Riley, Office of the Attorney General for the State of Utah, Salt Lake City, UT, for Respondent–Appellee.

Before GORSUCH, McKAY, and BACHARACH, Circuit Judges.

## ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DISMISSING THE APPEAL

ROBERT E. BACHARACH, Circuit Judge.

Mr. Darren Bluemel pleaded guilty to murder in state district court, and the court entered a judgment of conviction. He never attempted to withdraw his plea or appeal his sentence; instead, he filed three state petitions for post-conviction relief. Each time, the petition was dismissed. Mr. Bluemel then went to federal court, seeking a writ of habeas corpus. This petition was dismissed as untimely.

Mr. Bluemel then filed a second federal habeas petition, and the district court ordered dismissal. The court noted the need for appellate approval before Mr. Bluemel could file a second habeas petition, but declined to transfer the petition to our court because a second habeas action would be untimely. Mr. Bluemel wants to appeal.

### Request for a Certificate of Appealability

To appeal, Mr. Bluemel needs a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). We can issue the certificate only if reasonable jurists could debate the correctness of the district court's ruling. *Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir.2007). We conclude no reasonable jurist could debate the correctness of the district court's decision.

## I. Transfer or Dismissal of a Second Habeas Petition

This is Mr. Bluemel's second habeas petition on the same conviction. To file a second habeas petition, Mr. Bluemel needs authorization from our court. *In re Pickard*, 681 F.3d 1201, 1203 (10th Cir.2012). The district court could have transferred the action to us "if it [was] in the interest of justice to do so." *Id.* (quoting *In re Cline*, 531 F.3d 1249, 1252 (10th Cir.2008) (per curiam)). But transfers may be inappropriate when the action would be untimely. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir.2008) (per curiam). When a transfer would be futile, the district court can dismiss the action rather than transfer it to our court. *See id.*

## II. Timeliness

Federal habeas actions are subject to a one-year period of limitations, which ordinarily begins to run from the date that the conviction became final. 28 U.S.C. § 2244(d)(1)(A). Mr. Bluemel does not question the fact that he filed the second habeas petition more than a year after his conviction had become final. Instead, he argues that his claim "relies on a new rule of constitutional law." *See* 28 U.S.C. § 2244(d)(1)(c); Appellant's Opening Br. at 1. We reject this argument.

A Supreme Court decision can affect the period of limitations when it newly recognizes a constitutional right that is made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Invoking this principle, Mr. Bluemel relies on two Supreme Court decisions issued in 2012: *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Maples v. Thomas*, —— U.S. ——, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012).

*Martinez* and *Maples* do not affect the limitations period because they did not newly recognize a constitutional right.[1] *See Pagan–San–Miguel v. United States*, 736 F.3d 44, 45 (1st Cir.2013) (per curiam) (holding that Martinez did not announce a new rule of constitutional law); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir.2013) (holding that *Martinez* did not decide a new rule of constitutional law); *Adams v. Thaler*, 679 F.3d 312, 322 n. 6 (5th Cir. 2012) (stating that Martinez did not establish a new rule of constitutional law); *see also Sneed v. Shinseki*, 737 F.3d 719, 728 (Fed.Cir.2013) (stating that the Supreme Court based its decision in *Maples* on equitable principles rather than the right to effective assistance of counsel).

Even if these decisions had newly recognized a constitutional right, the present action would have remained untimely because Mr. Bluemel brought this action more than a year after the Supreme Court had issued *Martinez* and *Maples*.

Because the present habeas action is untimely, no reasonable jurist could fault the district court for dismissing the action rather than transferring it to our court. As a result, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal.

---

1. In *Maples,* the Supreme Court held that an attorney's abandonment constituted cause, which allowed a habeas petitioner to avoid a procedural default. 132 S.Ct. at 927. And in *Martinez,* the Court held that ineffective assistance in post-conviction proceedings could constitute "cause" when the constitutional claim could not be presented in a direct appeal. 132 S.Ct. at 1320–21.